

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

## NO. WR-86,781-01

## EX PARTE JORDAN LEWIS, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. 13-11-205-CRW-A IN THE 81ST DISTRICT COURT
### FROM WILSON COUNTY

**KEASLER, J., filed a dissenting opinion, in which HERVEY and YEARY, JJ., joined.**

### DISSENTING OPINION

I dissent to the Court's granting Jordan Lewis habeas relief on the basis of an alleged double-jeopardy violation. For the reasons outlined in my concurring opinion in *Ex parte Marascio*,[1] I would deny Lewis's bare double-jeopardy claims because his multiple-punishments double-jeopardy claims may not be raised for the first time in a collateral proceeding.

However, Lewis raises two cognizable and potentially meritorious claims that the

---

[1]    *Ex parte Marascio*, 471 S.W.3d 832, 833 (Tex. Crim. App. 2015) (Keasler, J., concurring).

Court leaves unaddressed: ineffective assistance of trial counsel and ineffective assistance of appellate counsel.[2]  Rather than granting relief on a noncognizable claim, I would remand this matter to the habeas court to obtain responses from trial and appellate counsel answering Lewis's allegations that counsel were ineffective for failing to assert that imposing sentences for aggravated robbery and aggravated assault violated double-jeopardy.  I would further require the habeas judge to enter findings of fact and conclusions of law on these claims.

Because the Court does not remand this matter for the habeas court to address the merits of the only properly-raised claims in Lewis's application, I dissent.

Filed: November 15, 2017

Do not publish

---

[2]  *Id.* at 836.